**People of the State of Illinois ex rel. Everett R. Brewer, Appellee, v. Edward J. Kelly et al., Appellants.**

**Gen. No. 40,011.**

Opinion filed May 2, 1938.

BARNET HODES, Corporation Counsel, for appellants; WALTER V. SCHAEFER, Assistant Corporation Counsel, of counsel.

FRED I. SIMON, of Chicago, for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Everett R. Brewer applied to the proper city officials for a building permit for the construction of a residence with a garage in the rear, and submitted plans prepared by a duly licensed architect. The permit was refused on the sole ground that the top of certain of the windows was less than seven feet above the floor and therefore did not comply with the provisions of the city ordinance. Plaintiff then filed his petition praying for a writ of mandamus to compel the issuance of the permit. After the issue was made up the cause was heard by the court without a jury, a judgment entered awarding the writ, and the defendants, the city officials, appeal.

As presented to this court, the sole question for decision is the meaning of section 1241 (b) of the Revised Chicago Code of 1931, and whether it is applicable to the type of window described in plaintiff's plans submitted to defendants. Section 1241 (b) provides: ''In every building hereafter erected for or converted to the purpose of class III, every habitable room shall have a window or windows with a total glass area equal to at least one-tenth of its floor area, opening onto a street, alley or yard as defined in section 1406; provided, that there shall be a space of at least three feet between the building and the lot line on one side, and a space of at least one foot between the building and the lot on the other side. None of such required windows shall have a glass area of less than ten square feet; and each such window shall have

its top not less than seven feet above the floor and shall be so constructed that at least its upper half may be opened its full width. No such habitable room shall have a floor area of less than eighty square feet, nor a clear height from floor to ceiling of less than eight feet and six inches; provided, that attic rooms need not be eight feet six inches high for more than one-half of their area; and provided, further, that such attic rooms shall have total cubic contents of not less than seven hundred and fifty cubic feet each.'' And it seems to be conceded that the rooms of the residence proposed to be constructed and in which the windows objected to are to be placed are ''habitable rooms'' within the meaning of the ordinance.

The undisputed evidence shows that the rooms in which the proposed windows are to be placed will meet every requirement of the ordinance except that the tops of the windows in question will be ''less than seven feet above the floor,'' i. e., but six feet above the floor; in fact the proposed plan of the building shows that the ''total glass area,'' ''floor area'' and ''height of ceiling from the floor'' will be more than required by the ordinance.

The court in the judgment made the following finding: ''The Court Further Finds, that the provisions of section 1241 of the Revised Chicago Code of 1931, with respect to the height of windows, are applicable to double hung sash windows and are not applicable to steel casements of the type shown upon the plans which accompanied petitioner's application for a building permit and identified in these proceedings as Exhibits 'D,' 'D-1' and 'F,' and that under that construction of said section 1241 of the Revised Chicago Code of 1931, the said section of the ordinance is valid.''

Counsel for defendants in their brief say the purpose of the ordinance ''is to establish minimum standards with respect to light and ventilation in habitable

rooms in residence dwellings to be constructed in the city. It does so by fixing minimum requirements for the area and for the position of windows. It first requires that there be a minimum glass area of not less than ten per cent of the floor area. This minimum glass area may be satisfied by one or more windows. Those windows whose glass area is included in determining the total required area of ten per cent of the floor area are denominated 'required windows.' Each required window is to be constructed so that *at least* its upper half is capable of being opened, and so that the top of that portion of each required window which opens is at least seven feet above the floor." And that, "Nowhere in the ordinance is there any suggestion of a possible variation in these requirements depending . . . upon the manner in which the window is opened."

Photostatic copies of the plans for the construction of some of the windows which were found by the health department to be in conflict with the provisions of the ordinance, are in the record. These windows are designated, "casement windows" and open the entire length of the window, each half being hinged to the side, while the "double hung sash windows" with which everyone is familiar, may be moved up or down so that at no time can more than one-half of the window be opened. And there is evidence in the record to the effect that prior to, and at the time of the enactment of the ordinance in question, which was back at least as far as 1911 (Chicago Code, 1911, p. 86, ¶ 274) the double hung sash window was the only type that was in general use and that the "casement" windows were at that time little known in this country. A witness also gave testimony which we think shows that casement windows, such as were described in plaintiff's plans for the proposed residence, would furnish more light and air in rooms than double hung sash

windows. There is also evidence that a number of buildings of the better type have been constructed in Chicago in which windows were placed as plaintiff seeks to place them in the instant case. This evidence we think is proper to be considered in determining whether the ordinance applied to this type of window. While we think section 1241 (b) is clear and unambiguous, yet we are of opinion that the court was warranted in hearing evidence to determine whether the ordinance applied to windows of the steel casement type.

Upon a consideration of all the evidence in the record we are of opinion that the casement windows described in the plans submitted are superior, from a health point of view, to the old type of double hung sash window, and for the reasons stated the ordinance in question does not apply to the casement type of window in so far as the requirement that the top of such windows be at least seven feet above the floor is concerned.

The judgment of the circuit court of Cook county is affirmed.

*Judgment affirmed.*

McSurely and Matchett, JJ., concur.